Donald G. FULLER, as Administrator of the Estate of Ray S. Bowden, Deceased, Plaintiff,

v.

Joe G. RUSH, Mrs. Joe G. Rush and Sam Rush, Defendants.

Civ. A. No. CO-65-12.

United States District Court
D. South Carolina,
Columbia Division.

May 23, 1966.

Henry Hammer, Columbia, S. C., for plaintiff.

Hoover Blanton, of Whaley & McCutchen, Columbia, S. C., for defendants.

HEMPHILL, District Judge.

By previous order of this court filed January 26, 1966 this court took under advisement the objections to the previously noticed taking of the deposition of defendant Samuel Rush, a minor under 14 years of age. Counsel for the child and

**217**

his parents had previously advised the court that, should the deposition of the child be sought, he feared that the impact of examination before the court, or a court official, might possibly have serious, harmful effects on the child in view of his state of anxiety.

The court took the matter under advisement. Subsequently after conferring with the court and the attorneys for all parties, the attorneys of defendants proposed that the child be examined by psychiatrists at the United States Army Hospital at Fort Jackson, South Carolina for an evaluation of his mental status. This was done and the evaluation report returned by the Commanding Officer of the Medical Corps at the hospital is attached to this order as Appendix A.

A conference on the question of the taking of the deposition held on May 18, 1966 revealed the compassion of the opposing counsel and their concern for the welfare of the minor. The avenues best suited for the protection of his welfare were explored at that time.

Oral deposition of the minor shall be held before the undersigned, as presiding judge of this court, at 10 o'clock A. M. on the 8th day of June, 1966, at Chambers, United States Courthouse, 1100 Laurel Street, Columbia, South Carolina. Present shall be one counsel for plaintiff, one for defendant, the court stenographer, a clerk or deputy clerk of court, and one or more parents of the minor, as desired. At *one-half hour prior* to the hearing, the child, either in the presence of one parent, or both, if desired, or by the court alone, as the parents desire, will meet with the court in order that the court may explain to the child what is happening and to calm any apprehensions which might result in neurological or emotional harm to the child. This procedure has been suggested and agreed to by counsel, but if either or both counsel feel that this would be disadvantageous or in any way detrimental to the right of the client either or both counsel may be present.

At the hearing before the deposition is taken, the court will explain to the child that because he is a child the court has to ask him certain questions.[1]

The court shall determine the capacity of the child to have received an accurate impression of the facts about which the deposition is to be had, his ability to remember them and to relate them truthfully and accurately, and his understanding of the obligation to speak the truth. The court shall determine the competency of the child to give testimony which speaks the truth so far as the child can relate the facts. Unless, in the opinion of the judge, the child is incompetent to testify under the guidelines set forth, the deposition will proceed.

In the event emotional debilitation becomes evident or hysteria threatens, the deposition will be halted.

Counsel having objections to the procedures described in this order shall within five (5) days of the date of this order give notice of a hearing before this court for the purpose of airing the objections; otherwise the right to object will be suspended.

And it is so ordered.

## APPENDIX A

### DEPARTMENT OF THE ARMY HEADQUARTERS U. S. ARMY HOSPITAL

Fort Jackson, South Carolina 29207

15 April 1966

Whaley & McCutchen
1414 Lady Street
Columbia, South Carolina 29202

Re: Donald G. Fuller as Administrator of the Estate of Ray S. Bowden, deceased, vs. Joe G. Rush, Mrs. Joe G. Rush and Samuel Rush, a minor under fourteen years of age —Civil Action #CO–65–12

Gentlemen:

The following information is submitted at the request and with the written permission of SFC Joe Rush, RA25143159.

[1.] Age alone is not the criteria of competency. See Annot. 81 A.L.R.2d 386 at 405.

Samuel Rush, dependent son of SFC E-7 Joe G. Rush, RA 25 143 159, was evaluated at the Mental Hygiene Clinic, this hospital, on 21 March 1966, where his diagnosis was found to be: Anxiety reaction, acute, severe.

Mental status evaluation revealed that he had good recall for the events leading to the death of his playmate, and that he was able to discuss this without undue distress.

It is the opinion of the examining psychiatrist that Samuel Rush can discuss this in court without undue emotional distress provided he is questioned by an understanding objective examiner and not subjected to rigorous cross-examination.

/s/ Harry J. Grossman
HARRY J. GROSSMAN
Colonel, Medical Corps
Commanding

